FILED
11/19/20 9:38 am
Bobby L. Russell, DC
CIRCUIT COURT CLERK
SULLIVAN COUNTY, TN.

SANDRA K. SPEARS )
)
    Plaintiff, )
)
vs. ) CIVIL ACTION NO. C43286
)
WALMART INC, )
)
)
    Defendant. )

## COMPLAINT

The Plaintiff, Sandra K. Spears, brings this Complaint against Walmart Inc. for personal injuries and states as follows:

1. The Plaintiff is a citizen and resident of Sullivan County, Tennessee, and resides at 1245 E. Center St, Kingsport, Tennessee 37660.

2. The Defendant, Walmart Inc., is the owner and operator of a grocery/department store located at 3200 Fort Henry Dr, Kingsport, Tennessee 37664.

3. Defendant Walmart Inc. is the owner of the real property upon which the grocery store sits. Walmart Inc. can be served with process through its Registered Agent, C T Corporation System, 300 Montvue Rd, Knoxville, TN 37919-5546.

4. At all times relevant herein, the Defendant did business in the State of Tennessee and in Sullivan County, Tennessee.

5. At all times relevant herein, the Defendant owned and operated a grocery/department store known as Walmart Inc, located at 3200 Fort Henry Dr, Kingsport, Tennessee 37664, hereinafter referred to as the "Premises".

6. At all times relevant herein, it is alleged that the Defendant had possession and control over the entire premises.

7. On or about November 23, 2019, the Defendant was in possession and control of the premises and surrounding area, including the area in and around clothing department near the front registers.

8. On or about November 23, 2019, the Defendant had the duty of maintaining, repairing, and keeping the premises in a safe condition, including the area in and near the clothing department near the front registers.

9. Store patrons who purchase food, home and gardening, automotive and clothing items from the Defendant, and otherwise bought products from inside the Defendant's store rely on the Defendant to maintain, repair, and keep the premises in a safe condition, including the area in and near the clothing department near the front registers.

10. On or about November 23, 2019, the Defendant had the duty to keep the common areas inside the store in a safe condition, including the area in and near the clothing department near the front registers.

11. Maintaining the safety in the Defendant's store, including the area in and near the clothing department near the front registers, was the responsibility of the Defendant.

12. On November 23, 2019, an unsafe, dangerous, and hazardous accumulation of unknown substances accumulated in or near the clothing department near the front registers at the premises in question. The Defendant created, knew, or should have known, of this hidden, latent dangerous condition in its store. A manager/assistant manager of the Defendant along with two additional employees were standing directly next to the accumulation of unknown substances when the incident in question occurred.

13. On November 23, 2019, the Defendant failed to take steps to notify its patrons of the hidden, latent dangerous condition on the surface of the area in or near the clothing department section of the store near the front registers or to warn its patrons and members of the general public of the unsafe, dangerous, and hazardous condition of the area.

14. Despite the fact that the Defendant created, knew, or should have known, of the hidden, latent dangerous condition in its store, the Defendant took no action to remedy this unsafe, hazardous, dangerous condition.

15. This unsafe, hazardous, dangerous condition was located in or near the clothing department inside of the store near the front registers and was used by all business patrons while in the building of Defendant, including that of the Plaintiff.

16. The Defendant had the responsibility to remedy, warn of, and/or remove the slick areas from the common area in and near the clothing department near the front registers, which was a common area where store customers frequented.

17. The Defendant created, knew, or should have known of the conditions of the area in and near the clothing department inside the store and had the duty to have the dangerous condition corrected or to have given warning, especially given the fact that the area in question was in an area that patrons commonly walked in this store and one manager/assistant manager and two employees were standing directly next to the area of accumulated unknown substances.

18. The unsafe, dangerous, and hazardous condition existed for a sufficient length of time that the Defendant knew of, or in the exercise of reasonable care, should have known of its existence and corrected the condition or warned others of the unsafe, dangerous, and hazardous condition.

19. The Defendant knew or should have known that through the ownership and operation of its business that falls such as that complained of herein could occur by failing to remove the slick areas, otherwise remedy the slick condition, or warn patrons of the unsafe, dangerous, and hazardous condition.

20. The Plaintiff was a store patron of Defendant on or about November 23, 2019, and the Plaintiff was lawfully and rightfully on the Defendant's premises during this time.

21. On or about November 23, 2019, the Plaintiff, Sandra Spears, entered the premises for the purpose of purchasing groceries and other household needs as a patron of Defendant.

22. As the Plaintiff, Sandra Spears, was walking in the clothing department shopping, she fell on the exceedingly slick area that had accumulated in the clothing department. The Defendant had taken no action to remedy the exceedingly slick area that created an unsafe, dangerous, and hazardous condition, and the Defendant took no action to warn patrons or other members of the general public of the unsafe, dangerous, and hazardous condition.

23. At all times material to this civil action, the Plaintiff exercised all due and proper care for her own safety.

24. Tennessee law provides that a property owner's duty to keep common passageways safe includes the obligation to remove or remedy a dangerously slick area within a reasonable time or to warn patrons or other members of the general public of the unsafe, dangerous, and hazardous condition.

25. Defendant was the owner and operator of the business known as Walmart Inc. at 3200 Fort Henry Dr, Kingsport, Tennessee 37664, where the Plaintiff fell.

26. The Defendant was negligent in failing to keep the area in or immediately around the clothing department near the front registers of the premises safe from dangerous and hazardous conditions.

27. The Defendant was negligent in failing to remove an accumulation of unknown substances which commonly accumulate on the ground where store patrons walk, which created an unsafe, dangerous, and hazardous condition.

28. The Defendant was negligent by:

A. creating a dangerous and defective condition on the Premises,

B. failing to maintain its property in a reasonably safe and proper condition,

C. failing to inspect the property and determine whether it was kept in a reasonably safe condition,

D. failing to remove or warn against latent, unusual, or hidden dangerous conditions on the premises of which Defendant was aware or should have been aware through the exercise of due care,

E. failing to provide safe premises for its patrons and invitees,

F. failing to exercise its duty of care for a reasonably foreseeable injury,

G. allowing a dangerous and defective condition to exist on the premises, which was an area frequented by patrons and invitees, and

H. failing to exercise reasonable care with regard to a person who had consent to be on the premises.

29. The injuries suffered by the Plaintiff were directly and proximately caused by the dangerous and perilous conditions on the premises which Defendant created, knew about, or should have known about and the negligence of the Defendant listed above. Accordingly, the

Defendant acted recklessly in creating and/or allowing a dangerous or perilous condition to exist on its property and at its place of business. The Plaintiff alleges that the Defendant was aware of, but consciously disregarded, the substantial and unjustifiable risk of allowing this dangerous and perilous condition to exist on its premises and at its business, its disregard constitutes a gross negligence from the standard of care that an ordinary person would exercise under these circumstances.

30. The injuries suffered by Plaintiff could have been prevented by Defendant if Defendant had maintained its premises in a safe manner immediately around the clothing department in the store near the front registers.

31. As a direct and proximate consequence of the conduct and actions of the Defendant, the Plaintiff suffered personal injuries.

32. As a direct and proximate result of the conduct, actions, and duties of the Defendant, the Plaintiff suffered and is, therefore, entitled to recover for the following damages: physical pain and suffering in the past, mental pain and suffering in the past, physical pain and suffering in the future, mental pain and suffering in the future, trouble sleeping, loss of capacity of the enjoyment of life, past medical expenses, future medical expenses, and permanent impairment.

WHEREFORE, PLAINTIFF DEMANDS:

1. That service of process issue forth upon Defendant requiring it to answer this Complaint within the time provided by law.

2. That the Plaintiff, Sandra Spears, recover from Defendant compensatory damages as set forth in an amount not to exceed $150,000.

3. That the Plaintiff have general and further relief, and the Defendant be taxed with the costs of this cause, including all costs and expenses incurred as a result of the preparation and presentation of Plaintiff's claim.

Respectfully submitted,
SANDRA K. SPEARS

_____
BRADLEY E. GRIFFITH, BPR No. 20770
Attorney for Plaintiff

OF COUNSEL:

HERNDON, COLEMAN, BRADING & McKEE, LLP
104 East Main Street
P. O. Box 1160
Johnson City, TN 37605-1160
(423) 434-4700

I HEREBY CERTIFY THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THIS CAUSE
11/19/20 9:44 am
Bobby L. Russell
CIRCUIT COURT CLERK

## COST BOND

We acknowledge ourselves as surety for Court costs in this action.

Surety:

HERNDON, COLEMAN, BRADING & McKEE, LLP

By_____
Bradley Griffith